MAR 3 2023 AM 9:56
FILED-USDC-CT-HARTFORD

# PETITION FOR WRIT OF MANDAMUS
## IN THE UNITED STATES DISTRICT COURT OF
## HARTFORD COUNTY CONNECTICUT

**FOR THE REFUSAL OF A FEDERAL ENFORCEMENT AGENCY TO INVESTIGATE AND ENFORCE LAWS ONCE PROVIDED WITH EVIDENCE OF REAL ESTATE FRAUD, FINANCIAL FRAUD AND ENVIRONMENTAL FRAUD, OR FOR KNOWINGLY IGNORING EVIDENCE OF REAL ESTATE FRAUD, FINANCIAL FRAUD, AND ENVIRONMENTAL FRAUD, AND THE PARTICIPATION OF A STATE CHARTERED BANK AND A FEDERALLY CHARTED BANK IN THIS FRAUD THAT I, AS THE PETITIONER, WAS A TARGET OF, BUT UNKNOWING VICTIM OF**

**And**

**FOR THE VIOLATION OF THE CRIME VICTIMS' RIGHTS ACT (CVRA) codified at 18 U.S.C. § 3771. THROUGH ITS INACTION, THE US DEPARTMENT OF JUSTICE HAS ALLOWED THE FRAUD AND VICTIMIZATION TO CONTINUE AND HAS FAILED TO EVEN ACKNOWLEDGE THAT I EXIST, MUCH LESS REPRESENT ME, AS A VICTIM OF REAL ESTATE FRAUD, FINANCIAL FRAUD AND ENVIRONMENTAL FRAUD AS A CITIZEN OF THE UNITED STATES OF AMERICA WHO IS ENTITLED TO RECEIVE DUE PROCESS UNDER THE LAW.**

**I HAVE PERMANENT AND ON-GOING LIABILITY UNDER THE RESOURCE CONSERVATION AND RECOVERY ACT (RCRA) FOR HAZARDOUS WASTE CONTAMINATION ON 1411 EAST STREET, NEW BRITAIN, CONNECTICUT, THAT WAS NOT DISCLOSED ACCORDING TO THE LAW PRIOR TO PURCHASING THE PROPERTY. THE PROPERTY WAS TRANSFERRED IN 2001, WITHOUT TITLE, AND WAS USED TO ESSENTIALLY OPERATE A CHOP SHOP BETWEEN 2001 AND 2017, AND WAS ILLEGALLY TRANSFERRED AGAIN IN 2014. THE PROPERTY IS CURRENTLY BEING MARKETED FOR YET ANOTHER ILLEGAL TRANSFER.**

Donald J. Zeil                                  **PETITIONER**
424 Flanders Road, Southington, Connecticut 06489.
860-621-3179 Home
860-299-6800 Cell

V.

                                  **RESPONDENT**

United States Department of Justice, District of Connecticut
        157 Church Street, 25th Floor, New Haven, CT. 06510. (203) 821-3700

## PETITION

I Donald J. Zeil, hereby file this Petition against the Respondent listed above.

**Petitioner** Donald J. Zeil is an adult resident citizen of Southington, Hartford County, Connecticut

**Respondent**  Is a Federal Enforcement Agency, Located in New Haven, New Haven County, Connecticut.  Two letters have been submitted to this Agency in 2016 and again in 2021, including supporting documentation, detailing the fraud involved between 1988 and the present.  This Agency did not respond to either letter acknowledging receipt of either of the letters or supporting documentation.

**Relief sought**:  Legal representation by an appointed attorney from the US Department of Justice (DOJ). I was unknowingly involved in real estate fraud and money laundering. I have tried to obtain legal advice, (I can't afford full representation) but no one will even discuss my case because DOJ has refused to acknowledge my situation.  I am seeking financial restitution for my economic losses since 1988, including but not limited to, the loss of my business, the loss of my property (machines and real estate) and compensation for the  trauma I have experienced believing that the Regulatory Authorities that are supposed to represent me, are not willing to even talk to me.

**Facts supporting my request for a Writ of Mandamus**

1. I, Donald J Zeil, am the legal Title Holder of property located at 1411 East Street, New Britain, Connecticut (the Property) and have been since 1988.
2. Real Estate Fraud is a Federally Regulated Crime and must be reported to the US Department of Justice, which was done. I reported a fake foreclosure recorded in the land records in 1996 which I discovered around 2014.
3. Environmental Fraud is on-going and has not been assessed or remediated. The US Department of Justice has failed to enforce Federal Criminal Law under 42 U.S.C. 6928(d)(3), and applicable sections of The Resource Conservation and Recovery Act, (RCRA) 40 CFR 260-266. The Environmental Status of the Property reported by Webster Bank under a fraudulent Form I in 2001, declares that the Property is not contaminated, despite documented evidence that it has been historically subjected to releases of Hazardous Waste. There are no statutes of limitations under RCRA.
4. Real Estate Fraud has continued, and ongoing, involving recording on land records two additional transfers of the Property in 2001 and again in 2014, without a clear title. Land records remain uncorrected, even though evidence of fraudulent documents in land records have been reported to the US Department of Justice. To my knowledge (verbal communication only), the Chief States Attorney's Office was told to address all issues on 1411 East Street, and refused.
5. I am a victim of real estate fraud, financial fraud, environmental fraud and banking fraud and I demand that my rights be acknowledged under the Crime Victim Rights Act, Title 18, United States Code, § 3771. I believe I have the right to understand why the US Department of Justice has ignored my correspondence, and has not provided me with any legal assistance. I have sustained egregious financial losses created by the fraud that I was subjected to. Under the CVRA it, as I understand it, I have the right to "The reasonable right to confer with the attorney for the Government in the case" as well as "The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. 10607(c)) and provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice".

**Brief Summary of Details of Facts Supporting this Petition**

**Real Estate Facts**

I was the owner of Gradon Screw Machine/DIG Corporation. My companies were located at 1411 East Street, New Britain, CT between approximately 1981 and late 2000. Prior to that Garden Screw Machine operated at a location on Sinclair Avenue, New Britain. I was in business, with my father until around 1987 when he passed away, for a total of almost 35 years. I took over the business upon my fathers death. DIG Corporation was established in 1998 for the purchase of 1411 East Street.

In 1988 I thought I had received a loan to purchase the building and land. By 1996 I had lost everything including the building, land and my business including all my machines, through what I thought was a foreclosure. I discovered that the foreclosure in 1996 was fake in 2014. Prior to 2014 I thought I was just dealing with environmental issues. Superior Court has no record of a foreclosure of 1411 East Street, New Britain, Connecticut in 1996. I received a 1099A as a result of this "foreclosure" which was not reported to the IRS. My foreclosure was not reported to the Credit Bureau. There is a "case file" but not in Superior Court records. The Attorney General's Office was a party to this case.

Currently the Property does not have a Clear Title. I am submitting a Title Search that I had performed in 2017. According to the Title Search, I am still the Title Holder (at least according to New Britain Land Records). The loan that I thought I was contracting foreign 1988 was apparently not originated by the bank. I had legal representation. Once I discovered that my foreclosure was fake in 2014, I immediately took steps to document what I knew and reported it initially to the Attorney Generals Office, then to the Statewide Grievance Committee and then to the US Attorney's Office.

Since 1996 there have been two additional transfers of the Property recorded in the New Britain Land records: one in 2001, and one in 2014. In addition, there are documents that have been located in subsequent years since my purchase of the Property, and fake foreclosure in 1996, that are suggesting that the transfer of the Property to me in 1988 may not have been legal. The Property, or part of the Property, may have already been transferred to the State of Connecticut. The State was ordered, through a resolution by CCSU, to obtain the Property by imminent domain in 1979.

The deed description of 1411 East Street that I thought I purchased is suspect. 1411 East Street shares its eastern boundary with 1413 East Street, acquired by the State Department of Transportation around 1967. Currently both Newington and New Britain have property described as 1413 East Street. Newington does not have an East Street. The Property identified as 1413 East Street in New Britain is land locked, and should only be described as 0000 East Street, as there is no access on East Street according to GIS Maps.

I contracted with a surveyor to do a forensic survey of 1413 East Street. After weeks of waiting for results, I finally was able to reach him. He told me that he had limited access to Newington Records because of the pandemic (odd since 1413 East Street is in New Britain) and said he could not complete the work. He added however, that I owned something on East Street but not what I thought I owned. Just about a year earlier he provided me with a survey of 1411 East Street showing the same boundaries that were documented in 1988 when I thought I purchased the Property, but this was based only on land records in New Britain.

**Environmental Facts**

The Property is historically industrial/commercial. On May 19, 1980 the Federal Resource Conservation and Recovery Act (RCRA) was enacted. It is codified in the Federal Register as 40 CFR 260-266. This Act imposed strict rules on the generation, storage and disposal of "Hazardous Waste". After RCRA was promulgated, no lending institution would lend money on property with an industrial/commercial history without a full and comprehensive environmental study. In 1984 Connecticut, through its adoption of Federal Hazardous Waste Laws modeled after the Federal Laws, expanded on Federal Law, and regulated the transfer of real estate that historically generated Hazardous Waste. They defined properties that fell within the purview of this regulation to be documented under the definition of an "Establishment". These rules are commonly referred to as The Transfer Act. By 1988 when I thought I purchased, The Property met the definition of an "Establishment" because of its history.

Prior to the transfer to any buyer, Connecticut law required a full investigation of the Property, prior to any transfer, and full disclosure of any identified environmental releases to the buyer. Testing on the Property was not done prior to the sale to me in 1988. Testing was however done in 1998-1999 which showed serious releases of Hazardous Waste from a floor drain historically used by previous owners. Though the testing was limited to a small area of the Property, estimated investigation costs and remediation costs suggested that the value of the Property was essentially worthless, and in fact had liability costs of potentially several million dollars. All data collected were documented and submitted to the Department of Energy and Environmental Protection (DEEP).

Because the Transfer Act was not complied with prior to my purchase of the Property, I expected that the DEEP would enforce the 1988 non-compliance with the Transfer Act on my behalf. The Act was written to protect buyers like myself, from adverse financial losses due to environmental issues. DEEP refused to enforce the Transfer Act on my behalf and deferred enforcement to a subsequent buyer. Enforcement on a subsequent transfer never happened. DEEP did however acknowledge that the Property was subject to Federal and State Hazardous Waste Law, and was subject to the Transfer Act.

By 2001 Community Savings Bank, that supposably financed my purchase of the property was closed and its assets were absorbed by Community Bank, then New England Bank and ultimately to Webster Bank as the final receiver. That said, New England Bank never took possession of 1411 East Street as documented on my Title Search and apparently never transferred the Property to Webster Bank through the chain of acquisition of assets.

In 2001 Webster Bank sold the Property to 38-50 Main Street "Association", LLC. This LLC is not registered with the Secretary of State but sounds like an LLC which is

registered - 38-50 Main Street Associates, LLC.  Webster Bank collected $80,000.
Because the applicability of the Transfer Act to the Property had been established and
documented by DEEP, Webster Bank filed a **Form I** on the Property which
acknowledged that the Property was subject to the Transfer Act, but had <u>no
contamination</u>.  The Form I contained materially fraudulent statements.  **<u>Under 42
U.S.C. 6928(d)(3)</u>** a RCRA False Statement involves a Person sho owns or operates a
source, and knowingly omits material information or makes any false statement in any
document filed or used for purposes of compliance with Subtitle C (RCRA hazardous
waste regulations), and the false statement or representation is material faces a penalty
of up to 2 years and/or up to $50,000/day/violation.  There is no statute of limitations.

The DEEP rejected the Form I and demanded the filing of a Form III detailing the
contamination on the Property.  The demands were ignored and DEEP issued a Notice
of Violation in 2001 to Webster Bank, which was ignored.   The DEEP then submitted a
letter to the Attorney General's Office in for the State of Connecticut April 26, 2004, to
impose a fine on Webster Bank for non-compliance with the Notice of Violation issued
in 2001.   This letter was ignored by the Attorney General's Office and no further
enforcement efforts were initiated by DEEP, such as a referral to EPA Criminal
Enforcement. (Note there are some errors of fact in this letter).   The Form I filing on
1411 East Street still exists, and Hazardous Waste Law is currently still being ignored.

The Form I filed by Webster Bank declaring that the Property was not contaminated,
did not acknowledge me or Gradon Screw Machine/DIG Corporation as being the
previous owner of 1411 East Street, even though I occupied the Property for nearly 18
years.  It only referenced ownership of the Property by an automobile dealership
between approximately 1965-1980.  This is deceptive, and adds to the confusion as to
whether or not I was even legally sold the Property in 1988, as described by the deed,
and documented on a survey map.   It also adds credibility to the potential for
intermingling the boundaries of 1411 East Street and 1413 East Street prior to 1988
and the questions as to exactly where the Property boundaries are located.  The
contamination documented in 1998-2000 may be on 1413 East Street and not on 1411
East Street.  1413 East Street (formerly just called "the rear of East Street" prior to
2010) was acquired by the Department of Transportation around 1976.

**Denial of my rights under the Crime Victims Rights Act**

It is my belief that the refusal of the U. S. Department of Justice to acknowledge
receipt of two letters submitted to their office, was done intentionally to either allow (1)
any statute of limitations to fall or (2) simply to make the determination that I do not
exist.  It is unclear how they could decide not to bring a case is curious given the
evidence presented to them.  The fraud in my situation is on-going, so therefore any
claim of a statute of limitations would seem odd.  The city is collecting taxes on the
Property, without a legal title holder, illegal transfers of the Property have occurred,
environmental issues remain unaddressed, and I cannot market a property that
according to land records, I still own.   Note:   Limitations period for fraud may be
tolled by fraudulent concealment; "…a reasonable inference that a defendant's acts of

concealment were aimed at delaying or preventing legal action is a recognized basis upon which to toll the statute of limitations." Fenn v. Yale University, 283 F. Supp. 2d 615, 636-38 (D. Conn. 2003).

Given that I am still the Title Holder of 1411 East Street, according to both Federal and State Hazardous Waste Law, I have serious financial liability issues under RCRA for contamination that I did not know existed when I thought I was purchasing the Property.  This liability further compounds the financial losses I have already incurred and is ongoing without any Statute of Limitations protection.

**ATTACHMENTS**

**Attachments are ordered by Agency/Institution originating/or receiving documents related to 1411 East Street**

# ATTACHMENT 1

### Connecticut Development Authority
999 West Street,
Rocky Hill, CT 06067
(860) 258-7800

## Summary of Contents

Around 1981 my father moved our business to 1411 East Street operating under the name of Gradon Screw Machine.  We began renting at that time from Frederick Guarino owner of Morton Lincoln Mercury.  The property was used for a few decades before we moved in as an Automobile Dealership/Auto Repair/Auto Body Repair shop.  Around 1983 the Property was transferred from Frederick Guarino to Theodore Poulos and John Tarca, who collected rent until 1988, when we purchased the Property.

Around 1983-84 our father decided to purchase the Property and applied for a Connecticut Development Authority (CDA) loan.  In order to comply with requirements to receive the loan we had to separately apply for a small loan to replace the roof.   We also had to install all electricity necessary to run all of our machines.   We spent approximately $100,000 +  to upgrade the building to CDA requirements, and upgrade the electrical to meet our machine requirements over the next few years.  On Feb 19, 1986 we were approved for a loan of $210,000 which included the amount to purchase the building and land ($160,000) as well as the amount necessary to pay off the roof repair loan, required to complete by the CDA ($50,000).  In April 1987, one day before we were supposed to close on the loan, CDA sent my father a letter indicating that they decided that our financial situation had changed and they could not close on the loan. This is odd - as our financial situation had actually improved with all of our machines on-line due to the upgrade of the electrical to the building.  We had no warning that this would occur.

## Documents

My CDA File regarding 1411 East Street, New Britain, Connecticut.  I could not get a copy of the entire file from the CDA without filing a FOIA request.

## ATTACHMENT 2

### Webster Bank/Successor to Community Savings Bank
145 Bank Street, Waterbury,
Connecticut 06702
(800) 995-9995

**Summary of Contents**

After the CDA cancelled our loan (**Attachment 1**), we had to seek commercial funding. We were led to Community Savings Bank through our attorney and a real estate agent working with Community Savings Bank.   In 1988 I thought I closed on a loan with Community Savings Bank for $240,000 (by this time my father has passed away).  I did not sign a promissory note.  And upon looking at the document in the Title Search, as I had not seen it before, I could not have signed it with the language stating that they could call my entire note within three years.  I would not have ever been able to agree to those terms.   The property was transferred to us via Quit Claim Deed about three days before we "contracted" for a loan.   This loan was described to me many years later as a "pass through" - meaning that the bank did not originate it.  **I received a 1099A as a deficiency judgement, but it was never reported to the IRS and my foreclosure was never reported to the Credit Bureau.**

Environmental issues were documented on the Property in 1998 and 1999,  which were clearly releases of Hazardous Waste regulated under RCRA and corresponding State Hazardous Waste law, including the Transfer Act.  I was not given any report that indicated that the Property was contaminated. The documented contamination essentially rendered the Property worthless, and even worth a significant negative value.

Because the State had deferred enforcement of the Transfer Act on my behalf (**Attachment 3**) Webster Bank filed a Transfer Act Form I document after it sold the Property in 2001 stating that the Property was clean.  It did not even document my ownership and occupancy of the Property for almost 18 years.  It was rejected by DEEP and a Form III was demanded, but a Form III was never filed.  A Form I filing on 1411 East Street still exists in DEEP Files.

**Documents**

Promissory Note - also in (**Title Search Attachment 10**) 1988

Certificate of Foreclosure, 3 December 1966, Amended Lis Pendens, 5 August 1966

Payments Made to Community Savings bank total - as of 10/30/97
(also paid $2,400/month more rent from November 1997 through July 2000 = $76,000 to Community Savings Bank, Community Bank, New England Bank and Webster Bank.)  Note:  New England Bank would not accept rent but when Webster Bank acquired the assets of New England Bank, it immediately collected the "back rent" on their behalf.

Miscellaneous Correspondence 1995-1998

Webster Bank Letter to Don Zeil 1 May 2000

Robert Cohen Atty. Letter re: Webster Bank via Atty. Dorio. 6 June 2000

Quit Claim Deed Webster Bank to 38-50 Main Street "Association", LLC 19 Jan 2001

Form I (Environmental) filed by Webster Bank,  24 Jan 2001

DEEP Letter - Rejection of Form I,  7 May 2001

1099A Sent to Don Zeil for 1996 but forwarded to him in 2002 by his accountant

DOT Letter re: 1411 East Street acquisition 4 November, 2011, acquired by DOT in 2000.

DEEP Referral of Webster Bank to the Attorney General requesting Enforcement of The Transfer Act against Webster Bank,  26 April 2004

(See **Attachment 3** for further Environmental data and Correspondence)

# ATTACHMENT 3

**Connecticut Department of Energy and Environmental Protection (DEEP)**
79 Elm Street,
Hartford CT 06106-5127
(860) 424-3000

## Summary of Contents

In 1998 we were alerted to some oil contamination outside of one of the doors to our building and I hired an Environmental Consultant (Consulting Environmental Sciences, Inc., Mary Anne Magnuson) who reviewed some data and asked for all environmental studies completed on our property. She immediately noted that we were supposed to have been advised of any and all environmental conditions on the Property prior to purchasing it in 1988 under the Transfer Act. We did receive a small report which said nothing. No samples were collected anywhere. Our consultant noted that NO BANK would have made any loan after 1980 and the promulgation of Hazardous Waste Law without full disclosure of all environmental conditions on a historical industrial property.

My environmental consultant could not duplicate the "oil" outside any door around the building but noted a floor drain in the back of the building which was used by the previous owners as a garage bay area for auto maintenance and auto body repair. It had been suggested that there was a "dry well" behind the building between the building and an adjacent stream. We found the outfall from the floor drain which just discharged into the stream. Probably constructed that way since the 1960's. She then took samples just below the outfall to the drain. Very high levels of lead, and other metals were reported. The samples indicated that the soil was Hazardous for Lead, as and other metals as well as some organic components and would be regulated under RCRA. The origin of the constituents in the soil data were consistent with samples collected from sludges remaining in the floor drain, and consistent with prior operations as an automobile repair/auto body shop.

I did not use any area in that part of the building for my manufacturing operations with the exception of storing long steel bars that were cut into parts. It was not heated and all water had been disconnected to that part of the building.

My operation also did not generate any liquid waste streams. I generated only steel metal cuttings that were picked up regularly for recycle. My cutting oils were essentially consumed in the manufacturing process and I did not degrease residual oil on parts prior to delivery to my customers.

All sample data were reported to the DEEP. It was also reported to the DEEP that the Transfer Act was not complied with prior to the 1988 sale of the Property which should have negated the sale of the Property in 1988 and the FAKE foreclosure. The DEEP determined that they were not going to enforce the Transfer Act on my behalf, but would enforce it on a future transaction.

The Property was presumed to be owned by New England Bank at the time that soil samples were collected on 1411 East Street and reported to the DEEP. In April 1999 New England Bank arranged with Lauretti Construction to excavate the soil at the outfall of the floor drain, eating down the bank into Bass Brook. The excavation was done with no environmental supervision and no permits to excavate adjacent to a stream. He excavated four 10 cubic yard roll off containers (total equaled about 50-60 Tons). Then New England Bank hired Clean Harbors to remove the soil.

Clean Harbors determined that they would classify the soils as a "fuel oil" spill and removed the soils as non-hazardous with DEEP's blessings. Problem - there was no fuel oil source on the Property. In addition, Clean Harbors collected samples from the roll off containers - not from the source area. Hazardous Waste Samples must be collected from the source. The roll offs contained a "mixture". Under RCRA mixtures rule any mixture of a listed hazardous waste and a non-hazardous solid waste is an RCRA hazardous waste even if samples are below RCRA limits. Then Clean Harbors didn't get paid - so they put a lien for $10,000 on the Property. That is a problem. It would not cost more than about $4,000 with trucking to take the equivalent of 2 1/2 truck loads of "fuel oil" release soil to the burn facility - so they were charging for **Hazardous Waste** removal but apparently didn't manifest it. RCRA has serious penalties ($50,000 a day) for falsifying waste characterization and disposal records. No one knows where the soil went. After Lauretti had excavated the soil around the floor drain outfall, he dumped a truck load of "clean" soil into the hole adjacent to Bass Brook, and left the site.

The Property was sold to 38-50 Main Street Association, LLC by Webster Bank. A member of the LLC is Mirik Leszczynski. Mr. Leszczynski operated essentially a junk automotive (aka chop shop) on the Property for approximately the next 15+ years. There was no Certificate of Occupancy on the Property and no safety/OSHA/Fire Inspections during this period that could be located. Mr. Leszczynski was arrested in 2007 for generating Hazardous Waste and other wastes on the Property. There are no records of any waste disposal, (batteries, waste oil, radiator fluids, car parts, etc.,) documented between 2001 and 2017.

The Property was sold again in 2014 via a tax lien Foreclosure by the City of New Britain (**HHB-CV12-6016587-S**). No Environmental issues addressed.

**Documents**

1988 Environmental Report given to Gradon/Dig prior to purchasing the Property

1998-1999 Analytical Data collected for Gradon/Dig Corporations

Consulting Environmental Sciences, INC. letter to Don and Gary Zeil. 31 Mar 1998

Spill Report 4/24/99

DEEP Letter to New England Bank Authorizing Soil Disposal 1 July 1999

Clean Harbors Lien 14 December 1999

DEEP Memo 11 August 2000 indicating that there would be no enforcement of the Transfer Act

Chronology Report prepared by Consulting Environmental Sciences, Inc., for Gradon/Dig Corporations detailing the history of the Property

Letter to Don Ziel from Nancy Johnson, 4 December 2020

Letter to Don/Gary Zeil from Joseph Lieberman 20 December 2000.

Don/Gary Ziel letter to DEEP 13 March 2002.

DEEP Referral of Webster Bank to the Attorney General requesting Enforcement of The Transfer Act against Webster Bank,  26 April 2004 **(See Attachment 2**)

2005 E-mail to EPA

2007 City of New Britain Letter regarding Mirik Leszczynski.

Arrest of Mirik Leszczynski. May 2007.  No records on the arrest or court records were found.

Spill Report 5/3/2007

Announcement that New Britain Received Brownfield money for 1411 East Street, New Britain Herald, December 2018 **(See Attachment 7**)

NAE 2018 Notice of Violation - Army Corps of Engineers regarding permits needed for the Demolition of the Building with no waste segregation adjacent to Bass Brook

E-mail regarding use of Brownfield Money by the City of New Britain, to EPA 1 September 2022

**ATTACHMENT 4**

**Connecticut Attorney General/Chief State's Attorney**
165 Capitol Avenue,Hartford, CT 06106 (860) 808-5318

**Summary of Contents**

Upon the discovery of the fake foreclosure recorded on 1411 East Street, New Britain, Connecticut, I reported it and many other documents to the Attorney General of the State of Connecticut.  Attorney General's Office was cited as a defendant in the foreclosure Court documents. No information as to why.  Connecticut had three small liens on the Property recorded on land records but would have no reason to file liens on DIG Corporation that only owned the land.  The only liabilities my company would have had to Connecticut could have been taxes due by Gradon.  The foreclosure file shows the Attorney General was representing the Department of Revenue Services.  DIG Corporation made no money and did not pay taxes - it just owned 1411 East Street.

In archive files there was a copy of a resolution by CCSU directing the Attorney General to acquire 1411 East Street by imminent domain in 1979.   Nine years before I purchased the Property in 1988.

**Documents**.

Copy of CCSU Resolution directing property to be Acquired by the Attorney General via imminent domain which included 1411 East Street, New Britain, Connecticut. 9 March 1979.

Letter from Attorney General to Don Zeil regarding documents given to their office 29 April 2014.  I reported information as soon as I found the fake foreclosure recorded on land records

Court documents related to the 1996 "foreclosure".  Not located in regular Superior Court, but located in Small Claims Court.  The Attorney General's Office is a party Defendant in the Case.  (Odd they used a Superior Court Appearance Document)

Referral to Attorney General by DEEP for Notice of Violation for failure to enforce the Transfer Act (also in **Attachment 2**). 26 April 2004

Letter from the Chief State's Attorney to Consulting Environmental Sciences, Inc. 4 October 2000

# ATTACHMENT 5

**Statewide Grievance Committee**
Connecticut 100 Washington Street, First Floor,
Hartford, CT. 06106 (860) 706-5130

## Summary of Contents

I filed a complaint with the Statewide Grievance Committee regarding the filing of a fraudulent Certificate of Foreclosure in the land records and the fact that it resulted in my property being occupied by a chop shop that generated an unknown amount of Hazardous Waste and no one knows where it went, further adding to my liabilities under Environmental Law.

## Documents

Complaint filed against Attorney Deborah Dorio regarding filing a Certificate of Foreclosure not issued by the court on land records.  2 January 2018

Complaint Response from the Statewide Grievance Committee 25 January 1018

Appeal to decision by the Statewide Grievance Committee  2 February 2018

Appeal Response from the Statewide Grievance Committee 15 March 2018

E-mail to Robert Marston, Garret Kelly 20 March 2018

# ATTACHMENT 6

**United States Department of Justice**,
District of Connecticut
157 Church Street,, 25th Floor, New Haven, CT. 06510
(203) 821-3700

## Summary of Contents

Researching my situation, it was clear that real estate fraud was to be reported to the US Attorney's Office in Connecticut.  I did in 2007 and again in 2021.

## Documents

Letter to US Attorney Diedre Daly, 6 July 2017

Letter to US Attorney Boyle. 24 Mar 2021

Announcement News from the US Department of Justice regarding enforcement of environmental laws

E-mail sent right after News Announcement by the US Department of Justice regarding enforcement of environmental laws - no response.

# ATTACHMENT 7

## City of New Britain, Connecticut
27 West Main Street,
New Britain, CT. 06051
(860) 826-0000

## Summary of Contents

There are two properties in New Britain land records that are co-mingled.  38-50 Main Street and 1411 East Street under an LLC known as 38-50 Main Street Associates, LLC. 38-50 Main Street was acquired in 1996 and 1411 East Street was "transferred" in 2001 by Webster Bank to 38-50 Main Street "Association", LLC (Note: Not the exact spelling of the legal name).  Mirik Leszczynski is recorded as a manager as well as a member.  No one knows who the owner is.

Mirik Leszczynski moved into 1411 East Street in 2001 and remained on the property until around 2017.  He operated essentially a junk yard (aka chop shop) and there were as many as a few hundred cars on the Property at one time.  The City of New Britain filed a tax lien foreclosure in 2012 and the court auctioned the Property in 2014.  The Property did not have a clear title since 1988, and the tax liens and the foreclosure are curious.  Perhaps an attempt to quiet the title.

In 2007 Mirik Lesczcynski was arrested for generating Hazardous Waste, and other charges.  There are no records of waste generation or disposal during his occupancy of the Property (waste oil, batteries, paints, solvents, etc).  Given the conditions on the Property liquids were likely just dumped out the back door or anywhere else on the Property.

The City of New Britain filed an application for Brownfield money to "investigate" 1411 East Street.  $100,000 was awarded.  The money was awarded by  the Department of Economic and Community Development.  It was to be used for "investigation".  In 2018 my building was removed.  No environmental investigation was performed.  The building was taken down by Clavet Trucking and demolition materials were removed to his private property in Wallingford.  No waste segregation was performed (with the exception of some asbestos removal by BesTec under the address 1141 East Street). An unsigned building permit (not a demolition permit) was issued by the City.   1411 East Street is not listed as a "Brownfield" and is still identified as "clean" under the Form I filed by Webster Bank.  Why would Brownfield funds be awarded for a "clean" property.   The city did not identify the "owner" of the Property in the application.   No permits were obtained for excavation work performed next to a stream.  The Army

Corp of Engineers was notified.  They issued a Notice of Violation that Cited the City of New Britain and others.

**Documents.**

Land Record Index showing all owners of 1411 East Street from 1980 forward.  After 2001 it shows the intermingling of 38-50 Main Street Associates, LLC, 38-50 Main Street Association, LLC, Thirty Eight Fifty Main Street Associates, LLC, Thirty Eight Fifty Main Street Association, LLC.  38-50 Main Street Associates, LLC was formed in 1996 and there were no annual reports filed from 1996 through 2020 even though it owned two income producing properties, when it was dissolved.

Tax Lien Releases on 1411 East Street, New Britain, CT **AFTER** the Fake Foreclosure in 1996.  Recorded 23 April 1997.  These are not in the Title Search.  I never paid these off.

Sale of 38-50 Main Street Associates, LLC to Pine Bridge Management of CT, LLC 21 March 2005.  Sale indicates that the LLC in its entirety was sold but only one property that it owned was described.  1411 East Street was not described but the combined assessed value of both properties was about $1.2 million

Mirik Leszczynski arrested (no court records found because this was referred to housing court). May 2007, See **Attachment 3**

Office of the Corporation Council regarding Mirik Leszczynski operating a junk yard on 1411 East Street, New Britain, CT 6 September 2007  (chop shop with no certificate of occupancy, and no company listed on the building)

City of New Britain Forecloses on 1411 East Street for back Taxes. **HHB-CV12-6016587-S** 29 June 2012.  Halloran and Sage entered at the Attorney for Mirik Leszczynski in 2017 after his attorney Wayne Frances was arrested.   The 1996 Certificate of  Foreclosure for 1411 East Street is recorded on Halloran and Sage stationary.

Foreclosure by Sale/Committee Deed to P&P Investment Group, LLC 21 June 2012.  It states that there is a Title Insurance Commitment.  We called the Title Insurance company and there is no Title Insurance or Application for Title Insurance

Judicial Notices on 6/18/2015 and 9/18/2017 distributing funds from the Sale of 1411 East Street.  City collected $68,847.35 there was no clear title, and the city had no authority to tax 38-50 Main Street Associates, LLC,  since the Property was still owned by Mr. Zeil.

Letter sent to Federal Housing Finance Authority detailing intermingling of land records between 38-50 Main Street and 1411 East Street, 18 August 2016

City of New Britain Applies for Brownfield Money for two properties, one of which was 1411 East Street, New Britain, CT 15 May 2017

Building Permit (not demolition permit) unsigned, and issued to Clavet Trucking to Tear down the building on 1411 East Street.

Department of Economic Community and Development Letter awarding $100,000 to be used for Environmental investigation of 1411 East Street.  The money was used to tear down the building only.  No investigation was done.  19 December 2018

Newspaper Article on the Brownfield money award to the City of New Britain. 26 December 2018

E-mail Dave Deegan/EPA Region I regarding the use of Brownfield money designated for Investigation only.

# ATTACHMENT 8

### Connecticut Superior Court, New Britain, Connecticut
20 Franklin Square,
New Britain, Connecticut. 06051
(860) 515-5103

### Summary of Contents

After the foreclosure of 1411 East Street by the City of New Britain, another case was opened against Mirik Leszczynski for money related to his occupying the Property beyond the date of the auction in 2014 through 2017.   **HHB-CV17-5019705-S**.  I requested to become a party to the case as by then I had a Title Search and wanted to present it to the court.  My request was denied.

There was another case, Lawrence vs. Great Oaks (owner of neighboring business( regarding 1411 East Street and an injury lawsuit.  Mirik Leszczynski indicates that he did not own the Property. **CV 04 0525308 S** October 26, 2005.

### Documents

Court Calendar **HHB-CV17-5019705-S**,  25 September 1917

Lawrence vs. Great Oaks

# ATTACHMENT 9

Survey Maps/GIS Maps

## Summary of Contents

Survey Maps produced for P&P Investments in 2017 and for myself in 2021 show the northern property boundary intersecting the corner of the building on 1427 East Street based on the land description given in various documents in New Britain land records.

Maps produced off of USGS data show the northern property boundary several feet to the south of the boundary on the survey maps.

A cross walk originally shown to be installed entering directly onto 1427 East Street was moved prior to 2021 to enter directly onto 1411 East Street in the northeast corner.

The Property identified as 1413 East Street (immediately adjacent to the eastern boundary of 1411 East Street) was acquired by the State around 1967 but was not assigned an address until around the year 2000 under the new GIS mapping system. Under the GIS mapping system this property should have been assigned the address 0000 East Street as it is totally land locked without an access onto East Street.  To be assigned the address of 1413 East Street  a portion of it had to be extended  between 1427 East Street to my north and my property at 1411 East Street **AND** have a direct access onto East Street.  I have survey maps indicating that no property had been acquired either from my property or the property at 1427 East Street that had been extended to the State property located east of 1411 East Street.   THEN we found that there is also a property identified as 1413 East Street in NEWINGTON.  Newington does not have an East Street.  Maps found on line identifies 1413 East Street, Newington, CT as located directly on 1411 East Street in New Britain, CT.

Late last fall in 2021 I contracted with a surveyor (one that my consultant had used for decades) to provide me with a Forensic survey of 1413 East Street.   After several weeks he refused to respond to e-mails or phone calls.  After finally answering one call, he said he could not access Newington Land records (odd the property is in New Britain) because of COVID and would not be able to complete the survey.  He did however say that I owned "something" but not what I thought I owned.

Without a full forensic survey of 1413 East Street we cannot determine current property boundaries, or when, or if, property boundaries on 1411 East Street were modified.

## Documents

2017 Survey Map

2021 Survey Map

Various on-line maps with notes

# ATTACHMENT 10
# TITLE SEARCH

**Summary of Contents**

The Title Search documents the recording of the Fake Certificate of Foreclosure in 1996. It also documents the transfer of 1411 East Street to 38-50 Main Street, **"Association"**, LLC by Webster Bank, when it did not have clear title.   This is not the LLC registered with the Secretary of State. That LLC is registered with the Secretary of State is 38-50 Main Street <u>Associates</u>, LLC.

It further documents the auction and sale of 1411 East Street to P&P Investment Group, LLC in 2014 due to the Foreclosure by the City of New Britain for tax liens (**HHB-CV12-6016587-S**).  The deed document recorded states the existence of Title Insurance. It cannot have Title or Title Insurance because 1411 East Street was not legally foreclosed in 1996, and checking with the Title Insurance Company they stated that they had not issued Title Insurance, and had no application for Title Insurance.

The Community Savings Bank loan was described to me as a "pass through" loan.  I can only suspect who provided the funds.   Community Savings Bank was shut down for bank fraud around 1998-99, and the president of the bank went to prison.

There are three very small liens on DIG in the Title Search in 1990, 1991 and 1992, recorded by the Connecticut Department of Revenue Services. I have no idea what the liens were for and have no memory of ever receiving a notification when the liens were placed.   DIG Corporation was formed for one purpose- owning 1411 East Street.  The liens were so small, that if DIG owed money during this period, Gradon Corporation would have paid them.   DIG did not generate revenue.   Gradon Corp owned the business and was the source of revenue for the State.    If Gradon owed money - that passed through to the owner as income - the state would lien my home - not DIG and 1411 East Street.  Again, the liens were so small that they would have been paid if I had known that I owed the money.   These documents are curious.

**Documents**

**Title Search, 6 DECEMBER 2017**