UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD J. ZEIL,<br>  *Petitioner*,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>  *Respondent*. | No. 3:23-cv-00289 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

On March 3, 2023, Donald J. Zeil ("Petitioner" or "Mr. Zeil") filed a petition *pro se* seeking a writ of mandamus against the United States Department of Justice ("DOJ" or "Defendant"), alleging that the DOJ has refused to investigate crimes of which Mr. Zeil alleges he was the victim. Pet. for Writ of Mandamus, ECF No. 1 (Mar. 3, 2023) ("Pet.").

Defendant has moved to dismiss the Petition. Mot. to Dismiss, ECF No. 17 (June 9, 2023) ("Mot.").

For the following reasons, Defendants' motion to dismiss is **GRANTED** and Mr. Zeil's requested relief must be **DENIED**.

This case will be dismissed with prejudice.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

  A.  **Factual Allegations**

In 1988, Mr. Zeil allegedly acquired the title to a property located at 1411 East Street, New Britain, Connecticut. Pet. at 3. Mr. Zeil was the owner of Gradon Screw and DIG Corporation, which was established for the purchase of the property. *Id*.

Mr. Zeil alleges that the property was foreclosed on in 1996, but in 2014, Mr. Zeil allegedly discovered that the foreclosure was fraudulent and reported it to the Attorney General's office, the Statewide Grievance Committee, and the United States Attorney's office. *Id*. at 4. Mr. Zeil alleges that the fraudulent foreclosure is not on record with Connecticut's Superior Court, was not reported to the IRS, and was not reported to the credit bureau. *Id*.

Mr. Zeil alleges that he also discovered documents that suggest that the property was not legally conveyed to him and may be property of the state. *Id*.

Mr. Zeil also alleges that, according to hazardous waste laws, his property should have undergone a full investigation and any identified environmental releases should have been disclosed to him before he purchased it. *Id*. at 5. Although Mr. Zeil acquired the property in 1988, he alleges that this testing did not occur until 1998 or 1999. *Id*. Mr. Zeil alleges that this testing revealed releases of hazardous waste that rendered the property worthless and opened him up to "liability costs of potentially several million dollars." *Id*.

Mr. Zeil alleges that the Community Savings Bank, the entity that financed his purchase of the property, was absorbed by Community Bank, then New England Bank, and then Webster Bank. *Id*. at 5. Allegedly, New England Bank never took possession of the property and never transferred the property to Webster Bank. *Id*.

Mr. Zeil alleges that, notwithstanding New England Bank not transferring the property to Webster Bank, Webster Bank sold the property in 2001, and fraudulently acknowledged that the property had no contamination. *Id*. at 5–6. The Department of Energy and Environmental Protection ("DEEP") allegedly issued a notice of violation and submitted a letter to the Connecticut Attorney General to fine Webster Bank for non-compliance. *Id*. at 6. Mr. Zeil alleges that the letter was ignored, and no further enforcement actions were taken by DEEP. *Id*.

As a result of this alleged fraud, Mr. Zeil claims that the city is collecting taxes on a property without a legal title holder and that the environmental issues have remained unaddressed. *Id*.

### B.   Procedural Posture

On March 3, 2023, Mr. Zeil filed his petition for writ of mandamus against the DOJ. Pet.

On June 9, 2023, Defendant filed its motion to dismiss and an accompanying memorandum of law. Mot.; Mem. in Supp. of Mot. to Dismiss, ECF No. 17-1 (June 9, 2023) ("Mem.").

On June 27, 2023, Mr. Zeil filed a response in opposition to Defendant's motion to dismiss. Response, ECF No. 21 (June 27, 2023) ("Opp'n").

On July 12, 2023, the DOJ filed a reply in support of its motion to dismiss. Reply, ECF No. 22 (July 12, 2023) ("Reply").

## II.   STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id*.

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The Court may also, however,

resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the

plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### C. Actions in the Nature of Mandamus

Title 28 of the United States Code, Section 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "It is well settled that mandamus is a drastic remedy to be used only in extraordinary circumstances." *Adeyeye v. U.S. Citizenship & Immigr. Servs.*, No. 05-CV-4065 (NG), 2005 WL 3097891, at *1 (E.D.N.Y. Nov. 18, 2005) (citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 562 (2d Cir. 2005)).

A district court must review a *pro se* petition "with a lenient eye, allowing borderline cases to proceed." *Perro v. Laird*, No. 07-CV-1123 (ARR), 2007 WL 1074929, at *1 (E.D.N.Y. Apr. 5, 2007) ("The Court construes petitioner's [writ of habeas corpus, mandamus and

injunctive relief] liberally, as he is proceeding *pro se*." (citing *Fleming v. U.S.*, 146 F.3d 88, 90 (2d Cir. 1998) ("Just as *pro se* complaints 'must be liberally construed,' a district court must review a pro se petition . . . 'with a lenient eye, allowing borderline cases to proceed[.]'"))).

## III.   DISCUSSION

The DOJ argues that Mr. Zeil's Petition should be dismissed because he has not shown any waiver of sovereign immunity or alleged facts that fall within the purview of 28 U.S.C. § 1361. Mem. at 1.

The Court will address each argument in turn.

### A. Sovereign Immunity

"In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity. The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction . . . ." *Sanchez v. Homestead Funding Corp.*, No. 3:13-CV-01850 (MPS), 2014 WL 4145546, at *1 (D. Conn. Aug. 19, 2014) (quoting *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999)). "Courts have held that the federal mandamus statute does not by itself operate as a waiver of sovereign immunity." *Veale v. U.S.*, No. 1:05-CV-104, 2006 WL 751242, at *3 (D. Vt. Mar. 10, 2006) (internal citation omitted). "If a plaintiff seeks a writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity, however, no separate waiver of sovereign immunity is needed." *Id*. (citing *Washington Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996)).

The DOJ argues that § 1361 does not constitute a waiver of sovereign immunity, and without Mr. Zeil establishing that the United States owed him a duty that it failed to perform, there is no waiver of sovereign immunity applicable to this action. Mem. at 7.

6

In response, Mr. Zeil argues that he has demonstrated that the DOJ owes him a duty that it has failed to perform. Opp'n at 9.

The Court disagrees.

As discussed below, Mr. Zeil has not identified a duty owed to him by the DOJ that it has failed to perform, and thus the DOJ is entitled to sovereign immunity.

**B.  Section 1361**

"The Second Circuit has held that a writ of mandamus may issue only when there is: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the defendant's part to do the act in question; and (3) lack of another available, adequate remedy." *Ferris v. INS*, 303 F. Supp. 2d 103, 107 (D. Conn. 2004) (quoting *Deutsch v. United States*, 943 F. Supp. 276, 279 (W.D.N.Y. 1996)). Additionally, "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a nondiscretionary duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004).

The DOJ argues that its decision not to act on Mr. Zeil's complaints was within its discretion, and that jurisdiction under the mandamus statute "is limited to actions seeking to compel the performance of a nondiscretionary duty." Mem. at 8–11.

In response, Mr. Zeil argues that the DOJ has a nondiscretionary duty to act on his behalf and enforce federal law. Opp'n at 10.

The Court disagrees.

The federal statute outlining the duties of United States attorneys provides, in relevant part, that "each United States attorney, within his district, shall . . . prosecute for all offenses against the United States . . . ." 28 U.S.C. § 547(1); *see also Sessum v. U.S.*, No. 15 CR. 667-6 (KPF), 2020 WL 1243783, at *7 (S.D.N.Y. Mar. 16, 2020) ("[T]he United States Attorney for

7

each judicial district retains, among other responsibilities, the duty to 'prosecute for all offenses against the United States.'" (quoting 28 U.S.C. § 547(1))).

The United States Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (collecting cases). Thus, "it is well established that a decision not to prosecute or enforce the law is discretionary. Accordingly, courts have generally held that § 1361 may not be used to compel either investigations or prosecutions." *Veale*, 2006 WL 751242, at *4 (citations omitted).

Here, Mr. Zeil seeks to compel the DOJ to enforce 42 U.S.C. § 6928(d)(3) and applicable sections of the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.*, against Webster Bank for representing to DEEP that his property had no contamination, which Mr. Zeil alleges was a false statement. Pet. at 3, 6. The United States Attorney's office "determined that the claims alleged by [Mr.] Zeil did not warrant any action by the United States Attorney." Mem. at 11. Because that decision is within its discretion, the mandamus statute cannot be used to compel the DOJ to act on Mr. Zeil's claims.

Mr. Zeil also seeks to compel the DOJ to acknowledge his rights under the Crime Victim's Rights Act, 18 U.S.C. § 3771 ("CVRA"), for the real estate fraud, financial fraud, environmental fraud, and banking fraud that he alleges he was the victim of. Pet. at 3. "Notwithstanding the victim's statutory rights, however, the Act expressly states that nothing in the CVRA 'shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.'" *In re Davis*, No. 20-CV-6557 (CJS), 2021 WL 2649574, at *4 (W.D.N.Y. June 28, 2021) (quoting 18 U.S.C. § 3771(d)(6)). Even assuming that a federal

offense has occurred, Mr. Zeil is not entitled to rights that "arise only after charges have been brought against a defendant and a case has been opened." *In re Petersen*, No. 2:10-CV-298 RM, 2010 WL 5108692, at *2 (N.D. Ind. Dec. 8, 2010) ("[T]he right 'to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding,' 'to confer with the attorney for the Government in the case,' to receive 'full and timely restitution,' and to 'proceedings free from unreasonable delay,' arise only after charges have been brought against a defendant and a case has been opened." (internal citation omitted)).

Finally, in his response to the DOJ's motion to dismiss, Mr. Zeil requests that he be allowed to amend his writ to include a prayer for relief. Opp'n at 4–5. This request must be denied because amending Mr. Zeil's prayer for relief would be futile, as the proposed amendment does not set forth any nondiscretionary duties for which the Court could compel performance of. *See Veale*, 2006 WL 751242, at *5 (considering and denying as futile a motion to amend a *pro se* writ of mandamus against the DOJ).

Accordingly, the Court will grant Defendant's motion to dismiss and deny Mr. Zeil's petition.

## IV. CONCLUSION

For the reasons above, Defendant's motion to dismiss is **GRANTED** and Mr. Zeil's requested relief must be **DENIED**.

This case will be dismissed with prejudice.

The Clerk of Court is directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 28th day of March, 2024.

                                              /s/ Victor A. Bolden
                                             VICTOR A. BOLDEN
                                             UNITED STATES DISTRICT JUDGE